IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RANDY A. WHITE,                          )
                                         )
            Plaintiff,                   )
                                         )
       v.                                )     No. 10 C 7497
                                         )
LAKE COUNTY, A MUNICIPAL                 )
CORPORATION & CORRECTION                 )
CENTER AND LAKE COUNTY                   )
CORRECTIONAL CENTER,                     )
DR. CHIN,                                )
                                         )
            Defendants.                  )

MEMORANDUM ORDER

Randy White ("White") has presented a 42 U.S.C. § 1983

("Section 1983") Complaint, employing the printed form provided

by the Clerk's Office for use by persons in custody[1] and naming

Lake County and a Dr. Chin as his targeted defendants.[2]  White

has accompanied his Complaint with two forms also provided by the

Clerk's Office:  both an In Forma Pauperis Application-

---

[1]    White is an inmate at Sheridan Correctional Center
("Sheridan").

[2]    White has contemporaneously submitted another Section
1983 Complaint (Case No. 10 C 7496, assigned at random to this
Court's colleague Honorable Elaine Bucklo) in which he has sued
the North Chicago Police Department and an Officer Schwartz for
asserted constitutional violations involving the same broken
finger that has given rise to the Complaint here.  If White were
not seeking in forma pauperis status in both lawsuits (and most
likely thinking that such status gives a plaintiff a free ride in
terms of the required filing fee), it is almost dead certain that
he would have managed to advance both sets of claims in a single
case.  But any possible free-ride belief is trumped by Congress'
action in enacting the present version of 28 U.S.C. § 1915
("Section 1915").

("Application"), coupled with a printout from Sheridan showing transactions in his trust fund account there for a six-month period as called for by Section 1915(a)(2), and a Motion for Appointment of Counsel ("Motion").

To begin with, nothing contained in White's allegations would even arguably support a Section 1983 claim against Lake County itself. Accordingly the County is dismissed as a defendant at the outset.

Next, this Court has made the calculation prescribed by Section 1915(b)(1) and finds that the average monthly deposits to White's trust fund account during the most recent six-month period covered by Sheridan's printout came to $62.13, 20% of which amounts to $12.44. Accordingly the Application is granted to the extent that White need not pay the full $350 filing fee in advance, although he must pay the entire fee in future installments.

White is therefore assessed an initial payment of $12.44, and the Sheridan trust fund officer is ordered to collect that amount from White's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 S. Dearborn Street
> Chicago, IL 60604
>
> Attention: Fiscal Department

Both that initial payment and all future payments called for in

this memorandum order shall clearly identify White's name and the 10 C 1497 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this memorandum order to the Sheridan trust fund officer.

After such initial payment, the trust fund officer at Sheridan (or at any other correctional facility where White may hereafter be confined) is authorized to collect monthly payments from White's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount so collected exceeds $10 until the full $350 filing fee is paid.

That then enables this Court to turn to White's allegations against Dr. Chin. In that respect the Complaint obviously seeks to bring White within the principle established by Estelle v. Gamble, 429 U.S. 97, 104 (1976) that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." But that is not what the Complaint portrays -- instead Dr. Chin arguably may have been negligent in his diagnosis and treatment of White's injured finger, but that would at most equate to a charge of medical malpractice under state law and not an Eighth Amendment violation (see the extended discussion of the caselaw in this area in Berry v. Peterman, 604

F.3d 435, 441 (7th Cir. 2010)).

What that means is that White's lawsuit has not survived the screening process prescribed by 28 U.S.C. § 1915A, and this action is accordingly dismissed pursuant to that section. This dismissal renders White's Motion moot, and it is denied on that ground.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    December 1, 2010